```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA      :

     v.                       :     3:08CR90(AHN)

JOHN N. MILNE                 :
```

ORDER & FINDINGS RE CONFLICT OF INTEREST OF DEFENDANT'S COUNSEL

This matter is currently before the court on the government's motion for a hearing to determine whether counsel for the defendant, John N. Milne ("Milne"), suffer from any conflict of interest and whether Mr. Milne can effectively waive the alleged conflict. The asserted conflict arises from Mr. Milne's counsels' recent affiliation with a law firm that previously represented an individual in connection with this criminal case who will be a government witness at Mr. Milne's trial as well as the company that is the subject of the securities fraud charged in the indictment in connection with matters that are directly relevant to this case.

In response to the government's motion (doc. # 54), the court held a hearing on January 28, 2009 pursuant to United States v. Curcio, 680 F.2d 881 (2d Cir. 1982). Mr. Milne was present at the hearing and was represented by independent counsel.

At the hearing, the court thoroughly investigated the facts and details of Mr. Milne's counsels' interests to determine whether they created an actual or potential conflict and, if so,

whether the conflict could be waived.  The court advised Mr. Milne of his right to conflict free counsel, discussed with him the nature of his counsels' conflicts, and informed him of the risks and pitfalls that could arise if he continues to be represented by his current counsel.  Mr. Milne and his independent counsel assured the court that they had, prior to the hearing, ample time to discuss the conflict and that Mr. Milne had sufficient time to digest and contemplate the situation and to make an informed decision.

Mr. Milne's responses to the court's questions assured the court that he fully understands the conflict and risks of continuing with his chosen counsel.  The court is also satisfied that the conflict presented by these specific facts and circumstances is waivable and is not of such a serious nature that no rational defendant would knowingly and intelligently wish to continue with conflicted counsel.

Further, based on the statements made at the hearing by the attorneys who now represent the clients who were previously represented by attorneys at the same law firm as Milne's current counsel, the court is also satisfied that the former clients have given their informed consent to counsels' continued representation of Mr. Milne and that adequate measures will be taken to preserve the privileged and confidential information of the former clients.

Accordingly, the court finds that Mr. Milne knowingly and voluntarily waives his right to conflict-free counsel and that he unequivocally and clearly chooses to continue being represented by his current counsel despite the potential disadvantages.

For the foregoing reasons, as well as the reasons given on the record at the <u>Curcio</u> hearing, the court accepts Mr. Milne's waiver of his Sixth Amendment right to be represented by an attorney who has no conflict of interest.

SO ORDERED this 29th day of January, 2009 at Bridgeport, Connecticut.

```
                                    /s/
                              _____
                                   Alan H. Nevas
                              United States District Judge
```